# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **EUGENE V. SMALLS, SR.,** | |
| Petitioner, | Case No. 7:18CV00582 |
| v. | **OPINION** |
| **BARRY KANODE, WARDEN,** | By: James P. Jones |
| | United States District Judge |
| Respondent. | |

*Eugene V. Smalls, Sr., Pro Se Petitioner; Laura Maughn, Assistant Attorney General, Office of the Attorney General, Richmond, Virginia, for Respondent.*

In this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, Eugene V. Smalls, Sr., a Virginia inmate proceeding pro se contends that the length of his confinement was adversely affected by an unconstitutional prison disciplinary proceeding. Upon review of the record, I conclude that the respondent's Motion to Dismiss must be granted.

I.

Smalls is serving a lengthy prison term imposed for violations of Virginia law that occurred in December of 1995.[1] In the summer of 2017, Smalls was

---

[1] The facts herein summarized, which are largely undisputed, are taken from the respondent's evidence attached to his Motion to Dismiss, consisting of the affidavit of Karen Stapleton, Manager of the Offender Discipline Unit for the Virginia Department of Corrections ("VDOC"); documentation of the disciplinary proceedings; and the audio recording of Smalls' disciplinary hearing on July 17, 2017. I have also reviewed the

incarcerated at River North Correctional Center, a facility operated by the VDOC.

On July 10, 2017, Officer Alvarez placed a disciplinary charge against Smalls for Aggravated Assault Upon an Offender, Offense Code 105B. The charge was served on Smalls later that same day. The Disciplinary Offense Report ("DOR") described the offense as follows:

> On July 5, 2017 at 2[:]43am Captain Tincher emailed the Investigator's Office to let us know that an offender had been assaulted the previous afternoon. A review of the camera system was performed by Captain Tincher and Sergeant Wolfe and it was determined that an assault had taken place. A review of the footage by Intel shows that on 7/4/2017, at about 4:16pm, Small[s] 1153228 and Cheatam 1000791 were talking next to Phone A3-1. At 4:17:35pm Small[s], having just removed the right leg of his wheel chair, struck Cheatam on the left side of his face with the leg of the wheel chair. Cheatam did not hit Small[s] back. Cheatam can be seen staggering away from phone area.

Mem. Supp. Mot. Dismiss Stapleton Aff. Enclosure A, ECF No. 9-1. Smalls declined a penalty offer and was placed on prehearing detention.

In preparation for a disciplinary hearing, Smalls was advised of his right to request witnesses and documentary evidence. He submitted forms requesting medical records to show that his right hand was broken and asking to view the camera footage of the July 4, 2017, incident. These requests were denied because they were not timely received by the hearing officer.

---

surveillance camera video footage of the incident at issue. Smalls was permitted to view the footage before responding to the Motion to Dismiss. I have also listened to the audio recording of the disciplinary hearing.

On July 17, 2017, a hearing officer conducted Smalls' disciplinary hearing on the assault charge. MacVean stated on the record that Smalls' requests for medical records and video access were denied as untimely received and as not relevant.[2] Alvarez, as the reporting officer, was present and repeated verbally the events stated on the DOR. Alvarez related his interview with the victim. Inmate Cheatam stated that he had been talking to Smalls about use of the telephone, and when Cheatam started to make a call to his grandmother, Smalls struck him with the chair. Alvarez stated that the surveillance camera footage depicted Smalls removing the leg of the wheelchair, holding it in his right hand and using it to strike Cheatam on the left side of his face, and then placing it back on the chair, as Cheatam put his hand to his face and staggered away from the phone.

MacVean gave Smalls the opportunity to question Alvarez and to make a statement in his own defense. Smalls denied using part of his wheelchair to strike Cheatam. He also claimed that the incident did not occur as Cheatam had described it to Alvarez and asked for mercy.

MacVean paused the tape for several minutes to review the video footage. Back on the record, MacVean stated that the video footage depicted the events as described by Alvarez. Based on the video footage, MacVean found Smalls guilty

---

[2] I note that the request form provided to Smalls expressly stated that "[o]nly written documentary evidence or photographs can be requested using this form" and that the form should not be used "to obtain information restricted for security reasons such as video and audio recordings." Stapleton Aff. Enclosure A, at 9, ECF No. 9-1.

of the offense charged and imposed penalties of 30 days in disciplinary segregation and loss of 27 days of good conduct time.[3]

Smalls submitted a Level I appeal to the Warden, raising claims similar to those presented in his habeas petition. In a memorandum dated August 16, 2017, the Warden found no procedural errors to justify overturning the conviction. He also noted that in his opinion, the video footage clearly showed that Smalls had assaulted Cheatam as charged. Smalls then submitted a Level II appeal to the regional administrator, who reviewed the documentation and recording of the hearing and upheld the conviction by letter dated November 21, 2017.

An arrest warrant for misdemeanor assault and battery of Cheatam was issued against Smalls in the General District Court for Grayson County. In September of 2018, the court granted the prosecutor's motion for a nolle prosequi. Smalls contends that the prosecutor made this motion after viewing the video footage of the July 4, 2017, incident and finding it insufficient to support the charge.

---

[3] Because Smalls committed his criminal offenses after January 1, 1995, he can accumulate a maximum of four and one-half Earned Sentence Credits ("ESC") for each 30 days of his prison sentence that he serves, pursuant to Va. Code Ann. § 53.1-202.2 to .4. The ESC days he earns are subtracted from the total term of confinement he must serve. The DOR paperwork in this case states that as part of his penalty for the 105B offense, Smalls lost good time for 180 days, which means that he lost the amount of ESC days he could have earned during that time period toward an earlier release date — a total of 27 ESC days. Mem. Supp. Mot. Dismiss 3, ECF No. 9.

I have reviewed the video footage provided to Smalls and to the court. Clips of footage from three of the cameras filming Smalls' pod on July 4, 2017, do not operate correctly — a problem identified by the respondent's counsel as an apparent technical glitch. Footage from other cameras operates as it should. The video clips labeled as A3 Pod Front Middle and A3 Pod Front Right offer an unobstructed view of the telephone area where Smalls encountered Cheatam. The video is filmed from a distance and grows blurrier when the viewer zooms in on the telephone area. Nonetheless, I find that at 4:17:35, it depicts Smalls in his wheelchair using an object in his right hand to strike Cheatam (who is standing) on the left side of his face. Cheatam then puts his hand to his face and staggers away across the pod, while Smalls moves forward to use the telephone.

Smalls filed this civil action in November of 2018, whereupon the court construed and docketed it as a § 2254 petition. Liberally construed, his petition raises these claims for relief: (1) Officials violated VDOC policy when they did not postpone the disciplinary proceedings until the criminal case was concluded; (2) Smalls was found guilty of the 105B offense based on video footage he was not permitted to view that did not include evidence to support a criminal assault and battery charge; (3) Smalls was not served with the DOR within 24 hours of being placed on prehearing detention, in violation of VDOC policy; (4) on appeal, the Warden upheld the guilty finding based on his incorrect statement that Smalls

committed the assault with his right hand; and (5) the appeal packet provided to Smalls did not include a summary of the hearing, a completed DOR, or a signed pre-hearing detention form as required by VDOC policy. As relief, Smalls seeks restoration of his lost good time. The respondent has moved to dismiss the petition on procedural grounds and for failure to state a claim. Smalls has responded, making the matter ripe for disposition.

II.

Prisoners retain limited due process rights while incarcerated. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). As a result, inmates cannot be punished with loss of good time credit without being provided "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Id.* at 557. On the other hand, "disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556.

> Where a prison disciplinary hearing may result in the loss of good time credits, *Wolff* held that the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67).

*Wolff* "did not require either judicial review or a specified quantum of evidence to support the factfinder's decision," such as proof beyond a reasonable doubt. *Hill*, 472 U.S. at 454. Rather, in addition to the other listed procedural protections *Wolff* outlined, to meet "the minimum requirements of procedural due process," the disciplinary hearing officer's findings must be "supported by some evidence in the record." *Id.* Under this standard, a reviewing court may uphold a hearing officer's ruling against a due process challenge upon finding that the ruling has "some basis in fact." *Id.* at 456. The court is not required to reexamine the complete record, independently, assess witness credibility, or weigh the evidence. *Id.* at 455.

Claims (1), (3), and (5) allege violations of VDOC policy. They do not implicate any of the constitutionally required procedural protections I have just outlined. It is well established that "a state's failure to abide by its own law as to procedural protections is not a federal due process issue." *Brown v. Angelone*, 938 F. Supp. 340, 344 (W.D. Va. 1996) (citing *Riccio v. Cty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990)). Accordingly, Smalls' allegations that officials failed to abide by VDOC policies do not state a claim that they violated his constitutional rights to procedural due process. Moreover, the record indicates that Smalls

received the constitutional protections related to the alleged policy violations. He received written notice of the charge against him well in advance of the disciplinary hearing and a written statement of the evidence that the hearing officer relied on in finding him guilty. He also pursued an appeal to the highest level available in VDOC procedures. Therefore, I will grant the Motion to Dismiss as to Claims (1), (3), and (5).

Smalls also fails to state a constitutionally significant claim regarding the Warden's statements in responding to his appeal. First, the Warden did not inaccurately represent the events depicted on the video by stating that Smalls "used" his right hand to carry out the assault. As the video shows, Smalls used his right hand to hold and swing the object with which he struck Cheatam. More importantly, *Wolff* did not mandate that prison officials provide inmates with an appeal of disciplinary hearing findings. *See Brown*, 938 F. Supp. at 345. Thus, any alleged violations of disciplinary appeal rights present, at most, a violation of state law that is not actionable under § 1983. *Riccio,* 907 F.2d at 1469 ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."). Therefore, I will grant the Motion to Dismiss as to Claim (4).

I also find no merit to Smalls' contention in Claim (2) that prison officials found him guilty of the disciplinary offense using video on which a state

prosecutor refused to prosecute Smalls. As discussed, the standards of proof required in the two types of proceedings are vastly different. Some evidence in the record is sufficient to support a prison disciplinary charge, *Hill*, 472 U.S. at 454, whereas a criminal offense must be proven beyond a reasonable doubt. *United States v. Haymond*, 139 S. Ct. 2369, 2376 (2019). Thus, the same evidence could be sufficient to support a disciplinary offense, despite a prosecutor's decision that it would not persuade a jury beyond a reasonable doubt that a crime was committed.

The remaining portion of Claim (2), alleging that Smalls should have been allowed to view the video footage used to find him guilty of the 105B offense, also fails to state grounds for habeas relief. The United States Court of Appeals for the Fourth Circuit has recently recognized that "inmates at risk of being deprived of a liberty interest, like good time credits, have a qualified right to obtain and present video surveillance evidence." *Lennear v. Wilson*, No. 18-6403, 2019 WL 3980165, at *1 (4th Cir. Aug. 23, 2019). I need make no finding here concerning this decision's applicability to Smalls' habeas claim concerning events in July of 2017, because any failure to provide Smalls an opportunity to view the video footage at his disciplinary hearing was harmless error as defined in *Lennear*. MacVean viewed the footage and based his finding of guilty on its depictions, and the Warden upheld his ruling after viewing the same video. Thus, Smalls was

afforded the right to have the video footage presented and considered by the factfinders. Moreover, I conclude from my own observations of the footage that it supports MacVean's findings. I also cannot find that allowing Smalls to view that footage before or during the hearing, as he requested, would have "'aided' the inmate's defense" against the disciplinary charge in any way. *Lennear*, 2019 WL 3980165 at *13.

### III.

For the stated reasons, I conclude that the Motion to Dismiss must be granted, because Smalls has not stated any claim on which he is entitled to relief under § 2254.[4]

A separate Final Order will be entered herewith.

DATED: September 9, 2019

/s/ James P. Jones
United States District Judge

---

[4] Because I find no merit to Smalls' claims, I find it unnecessary to determine the respondent's alternate arguments that the claims are untimely filed or unexhausted.